```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA** | *  <br> *  <br> * |
| **vs.** | *  <br> *   CRIM. CASE No. 08-00327-CG <br> * |
| **JESSE S. HAGGARD,** *et al.*, | *  <br> * |

## ORDER

This action is before the Court on the Government's Motion to Disqualify David York and Chris Coumanis as counsel for Defendant Jesse S. Haggard (Doc. 361). Defendant filed a response in opposition to the Government's Motion, along with the affidavits of David York and Chris Coumanis. An evidentiary hearing was conducted on December 17, 2009. At the hearing, counsel for the Government advised that he would not be offering any evidence in support of the Government's motion. Counsel for Defendant relied upon the affidavits submitted with his response. Based upon a careful review of the parties' briefs, and the representations of counsel at the evidentiary hearing, the Government's Motion to Disqualify Counsel is **DENIED**.

**I. Background**

In its motion, the Government alleges that Mr. York is the former United States Attorney for this District, and that during his tenure as United States Attorney, he personally approved and

1

was involved in the Organized Crime Drug Enforcement Task Force Applied Pharmacy investigation (hereinafter "steroid investigation"), which led to the instant indictment. According to the Government, Assistant United States Attorney Donna Dobbins was a member of Mr. York's leadership team, and the team provided weekly updates to Mr. York regarding their activities, including the steroid investigation.

The Government relies on Title 18 U.S.C. § 207 (a)(1) in support of its contention that Mr. York is precluded from representing Defendant Haggard in this case.  The Government contends that because Mr. York approved the steroid investigation and was regularly briefed by Ms. Dobbins about the status of the steroid investigation, he was personally and substantivally involved in this case and is disqualified under the provision of § 207.[1]

The Government further contends that Mr. York's disqualification is mandated by Rules 1.9 and 1.11(a) of the Alabama Rules of Professional Conduct. The Government notes that Rule 1.9 bars a lawyer who formerly represented a client from thereafter representing another person in the same or substantially related matter where the interests of the parties are materially adverse, and Rule 1.11 bars a former government attorney from

---

[1]Although the Government indicated that evidence of Mr. York's personal approval of the investigation was available for the Court's in camera inspection, no such evidence was ever presented.  Moreover, at the hearing, the Government declined to offer any evidence in support of the contentions in its brief.

handling a case in which he had personal and substantial participation.

With respect to Mr. Coumanis, the Government alleges that because Mr. York is precluded from representing Defendant Haggard, his partner, Mr. Coumanis, is also precluded from representing this Defendant particularly where no precautions were taken early on to screen Mr. York from any involvement in the defense of Defendant Haggard.  The Government further alleges that because Mr. Coumanis's former law partner, Mr. Briskman, represented Dr. Pyle, a co-defendant who is expected to be called as a witness in this case, during the time that Mr. Coumanis was associated with Mr. Briskman's firm, Rules 1.9 and 1.10 preclude Mr. Coumanis from representing Defendant Haggard in this case.

Defendant Haggard contends that the Government has failed to demonstrate that Mr. York and Mr. Coumanis should be disqualified. According to Defendant, Mr. York does not recall giving any advice or direction with respect to the steroid investigation, nor does he remember being briefed on the case, or having any involvement in the case.  Defendant further asserts that there is no evidence that he was ever a target of the steroid investigation or that Mr. York was ever briefed on the case while in office.  Defendant also asserts that the documents referenced by the Government do not shed any light on this issue, and that the Government has failed to establish that Mr. York participated personally and substantially

in the steroid investigation so as to justify him being disqualified pursuant to § 207(a).

Defendant further asserts that Rule 1.9(a) of the Alabama Rules of Professional Conduct does not bar Mr. York from this case because there is no evidence that Mr. York had any involvement in the steroid investigation.  Defendant also argues, with respect to Mr. Coumanis, that because he acquired no actual knowledge of the case during his former partner's representation of Dr. Pyle, and does not recall ever participating in the case, disqualification under Rule 1.9 and 1.10 is not appropriate.  Finally, Defendant argues that Rule 1.11 is not applicable because Mr. York had no personal and substantial involvement in this case.

**II. Legal Authority**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right .....to have the Assistance of Counsel for his defence." U.S. Constit. Amend. VI; United States v. Campbell, 491 F. 3d 1306, 1310 (11th Cir. 2007).  "[A]n essential part of that right is the accused's ability to select the counsel of his choice." United States v. Ross, 33 F. 3d 1507, 1522 (11th Cir. 1994)  Consequently, "a criminal defendant has a presumptive right to counsel of choice,...and courts should hesitate to disqualify defense counsel." Id. at 1522-23 (citing Wheat v. United States, 486 U.S. 153, 164, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)).  The right to counsel of choice, however, is

not absolute. Wheat, 486 U.S. at 159, 108 S. Ct. at 1697. "In determining whether or not to disqualify defense counsel, the court must balance two Sixth Amendment rights: 1) the right to be represented by counsel of choice and 2) the right to a defense conducted by an attorney who is free of conflicts of interest." Ross, 33 F.3d at 1523 (citing Wheat, 486 U.S. at 160).

Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them. Wheat, 486 U.S. at 160. Thus, the Supreme Court has held that the district courts must be afforded substantial latitude in ruling on disqualification issues, not only in cases where there is an actual conflict, but also where there is a potential conflict. Id. at 163. The district court must recognize a presumption in favor of the defendant's counsel of choice, but that presumption may be overcome by a demonstration of an actual conflict or a serious potential for conflict. Id. at 164.

**III. Discussion**

As noted supra, in the case at hand, the Government seeks to disqualify Mr. York on a number of grounds, including §207(a), which provides in relevant part:

> Any person who is an officer or employee...of the executive branch of the United States....and who, after the termination of his service or employment with the United States...knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court

5

>
> or court-martial of the United States . . . on behalf of any other person . . . in connection with a particular matter- -
>
> (A) in which the United States ..is a party or has a direct and substantial interest,
>
> (B) in which the person participated personally and substantially as such officer or employee, and
>
> ( C) which involved a specific party or specific parties at the time of such participation, shall be punished as provided in section 216 of this title[1].

Under § 207(a), a former government employee is disqualified only if the particular matter involves the same "specific party or

---

[1] 18 U.S.C. § 207(a)(2) varies from § 207(a)(1) in that it contains a two year ban, as opposed to the permanent ban contained in § 207(a)(1).  207 (a)(2) provides, in pertinent part, as follows:

> [W]ithin 2 years after the termination of his or her service [a former government supervisory attorney may not] knowingly make, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States...on behalf of any other person. . .in connection with a particular matter- - -
>
> (A) in which the United States...is a party or has a direct and substantial interest,
>
> (B) which such person knows or reasonably should know was actually pending under his or her official responsibility as such officer or employee within a period of 1 year before the termination of his or her service or employment with the United States..., and
>
> ( C) which involved a specific party or specific parties at the time it was so pending.....

18 U.S.C. § 207(a)(2).  Under § 207(a)(2), it is not necessary that the former government attorney have participated personally and substantially in the criminal investigation.  Under this provision, it suffices if the matter was under his general supervisory authority and was actually pending at least one year before the termination of his government service.

6

parties." United States v. Clark, 333 F. Supp. 2d 789, 794 (E.D. Wis. 2004). In addition, a former employee is disqualified under this provision only if, while working for the Government, he participated in the matter "personally and substantially." Id. (citations omitted.) The phrase "personally and substantially" is defined in 5 C.F.R. § 2637.201(d), as follows:

> The restrictions of section 207(a) apply only to those matters in which a former Government employee had "personal and substantial participation", exercised "through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise." To participate "personally" means directly, and includes the participation of a subordinate when actually directed by the former Government employee in the matter. "Substantially," means that the employee's involvement must be of significance to the matter, or form a basis for a reasonable appearance of such significance. It requires more than official responsibility, knowledge, perfunctory involvement, or involvement on an administrative or peripheral issue. A finding of substantiality should be based not only on the effort devoted to a matter, but on the importance of the effort. While a series of peripheral involvements may be insubstantial, the single act of approving or participation in a critical step may be substantial. It is essential that the participation be related to a "particular matter involving a specific party."

Clark, 333 F. Supp. 2d at 794.

In the case at hand, the Government has alleged in its brief that the steroid investigation that lead to the indictment of Defendant Haggard and others commenced during the period that Mr. York served as the United States Attorney for the Southern District of Alabama, that he approved the investigation, and received periodic updates regarding the status of the investigation. Aside from these assertions in its brief, the Government has not produced

7

an iota of evidence in support of its assertions. Mr. York, on the other hand, has filed an affidavit in which he asserts, under oath, that he was appointed U.S. attorney for the Southern District of Alabama in 2001, that he served in that position until September 2005, that he has no recollection of participating in any review, evaluation or recommendations regarding Defendant Haggard, that he does not recall Defendant Haggard being the target of any investigation while he served as U.S. attorney, that he does not recall giving any advice or direction to Ms. Dobbins or case agents regarding the steroid investigation or making any strategy decisions, that he did not issue any subpoenas or do any substantive work on the case, that he does not recall ever receiving any substantive briefings regarding the steroid investigation, and that if any such briefings occurred they would have been a general and non-specific.  Based upon the record before the Court, the undersigned finds that the Government has failed to present evidence that establishes that Mr. York participated "personally and substantially" in the steroid investigation and is thus subject to the permanent ban set forth in § 207(a)(1).  In fact, the Government has not produced any evidence that suggests when the steroid investigation actually commenced, or the extent of Mr. York's involvement in said investigation.  Accordingly, the Government's  motion to disqualify Mr. York under § 207(a)(1) is denied.  See, United States v. Tapp, 2008 U.S. Dist LEXIS 8848 (S.D. Ga. Feb. 6, 2008)(where government produced evidence that

former United States Attorney held position during time that his client was under investigation, and that his subordinates were actively involved in investigation, §207 (a)(2)'s two year ban necessitated that former United States Attorney be disqualified.)

The Government also contends that Rules 1.9 and 1.11(a) of the Alabama Rules of Professional Conduct preclude Mr. York from representing Defendant Haggard in this case[1]. Rule 1.9 provides as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
>
> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

Rule 1.9, A.R.P.C.  A   party   moving for an attorney's disqualification under Rule 1.9 bears the burden of proving the existence of a conflict of interest. . . . A former client seeking disqualification for the conflict addressed in Rule 1.9 must demonstrate (1) that it "had an attorney-client relationship with the attorney the former seeks to disqualify and (2) that the

---

[2]Attorneys who appear in this Court are bound by Local Rule 83.5(f), which provides in pertinent part that all attorneys appearing here shall read and abide by "the ethical limitations and requirements governing the behavior of members of the Alabama State Bar."

attorney represented the former client in a (3) substantially related matter." Ex Parte Regions Bank, 914 So. 2d 843, 847 (Ala. 2005)(citations omitted.) The evidence in this case establishes that Mr. York was the United States Attorney for this District from 2001 through September 2005, that a steroid investigation was undertaken by the local United States Attorney's Office, and that the investigation lead to the issuance of an indictment against Defendant Haggard and others in 2008, nearly three years after Mr. York left office.  Mr. York contends that he does not recall any investigation during his tenure regarding Defendant Haggard, and that he does not recall have any involvement in the steroid investigation.  As noted supra, the Government has not produced any evidence from which it can be determined when the steroid investigation commenced, let alone evidence which establishes that the investigation commenced during Mr. York's  tenure, and the extent of his involvement in said investigation.  Accordingly, based upon the record before the Court, the undersigned finds that the Government has not met its burden of establishing a conflict under Rule 1.9.

The Government has likewise failed to establish a violation of Rule 1.11.  Rule 1.11 provides as follows:

> (a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless
>
> > (1) the disqualified lawyer is screened from any

> participation in the matter and is apportioned no part of the fee therefrom and
>
> (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provision of this rule.

Rule 1.11, A.R.P.C.   As noted supra, the Government has failed to establish when the steroid investigation commenced and has further failed to establish that Mr. York participated personally and substantially in the investigation during the period he served as United States Attorney for this District.  Accordingly, based upon the record before the Court, the undersigned finds that the Government has not met its burden of establishing a conflict under Rule 1.11.[2]

The Government has also failed to establish that Mr. Coumanis has a conflict.  The Government asserts that because Mr. York is precluded from representing Defendant Haggard, then his partner, Mr. Coumanis is also prohibited from representing Defendant, particularly where no precautions were taken to screen Mr. York from the case.  However, the Government has failed to establish that Mr. York is prohibited from representing Defendant Haggard in this case; thus, there is no basis for imputing any alleged conflict to Mr. Coumanis.  Additionally, the Government has failed

---

[2] The Government's reliance on Ala. Bar Opinion 1992-18 is misplaced.  In that opinion, the Bar opined that Rule 1.11 prohibited the former DA from representing a defendant where the DA personally participated in the investigation phase of the case as well as with some follow-up proceedings.  In this case, the Government has not established when the steroid investigation commenced, let alone that Mr. York played any role in said investigation.

to establish that Rule 1.10(b) is applicable to this case.  Rule 1.10(b) provides as follows:

> When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer has acquired information protected by Rules 1.6 and 1.9(b) that is material to the matter.

Rule 1.10(b), A.R.P.C.  In Alabama State Bar Opinion 1993-03, it is noted that "Paragraphs (b) and ( c) [of the Comment to Rule 1.10] operate to disqualify the firm only when the lawyer involved has actual knowledge of information protected by Rules 1.6 and 1.9(b).  Thus, if a lawyer while with one firm acquired no knowledge of information relating to a particular client of the firm, and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the two clients conflict."

In this case, the evidence before the Court establishes that Mr. Coumanis was formerly associated with the firm of Briskman and Binion, P.C., and that while practicing with that firm, Mr. Coumanis' former partner, Mr. Briskman represented Dr. Pyle, a co-Defendant in the instant case.  Dr. Pyle has entered a guilty plea and is expected to testify as a witness for the Government.  Mr. Coumanis has submitted sworn testimony that he never represented Dr. Pyle, never worked on her case, and that he never acquired any

information regarding her case while associated with the firm of Briskman and Binion, P.C. In addition, at the evidentiary hearing, Mr. Briskman represented to the court that Mr. Coumanis did no work on the case, that Mr. Coumanis had no involvement in the representation of Dr. Pyle, and that Dr. Pyle had authorized him to waive any potential conflict with respect to Mr. Coumanis. Based on the evidence before the Court, the undersigned finds that the Government has failed to establish a conflict under Rule 1.10 (b). The record is completely devoid of any evidence that Mr. Coumanis had involvement in the representation of Dr. Pyle, or that he acquired any material adverse to Dr. Pyle. Accordingly, the undersigned finds that the Government has not met its burden of establishing a conflict under Rule 1.10(b).

For the reasons set forth above, the Government's Motion to Disqualify Counsel is **DENIED.**

DONE this 29th day of December, 2009.

                                    /s/ SONJA F. BIVINS
                            **UNITED STATES MAGISTRATE JUDGE**